IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 21-4680

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff-Appellee,* | ) |
| | ) |
| vs. | ) |
| | ) |
| PRINCETON PATTERSON, | ) |
| | ) |
| *Defendant-Appellant.* | ) |
| _____ | ) |

## MOTION TO DISMISS APPEAL

Defendant Princeton Patterson appeals the explanation and substance of the discretionary conditions of supervised release the district court imposed in May of 2021 after Patterson pleaded guilty to drug and firearms charges. Patterson filed his notice of appeal in December of 2021, more than five months after the deadline to appeal his sentence had passed. Moreover, Patterson waived his right to appeal his conviction and sentence on any ground other than ineffective assistance of counsel or prosecutorial misconduct, and his arguments on

appeal fall into neither category. And the record establishes that Patterson entered his guilty plea knowingly and voluntarily after a thorough plea colloquy with the district court. The United States, therefore, moves to dismiss Patterson's appeal.

## BACKGROUND

Patterson and two co-conspirators sold methamphetamine, cocaine, and firearms to an undercover federal agent and a confidential informant over the course of four months in 2019. J.A. 95–97. Patterson first sold methamphetamine to the confidential informant in September of 2019. J.A. 95. One month later, he sold a rifle and some crack cocaine to the undercover agent. J.A. 96. One month after that, he sold the agent a loaded shotgun and a stolen rifle with a 40-round extended magazine, plus an additional 30-round magazine. J.A. 96. Together, the magazines contained 56 rounds. J.A. 96. Finally, Patterson sold methamphetamine to the undercover agent again in December of 2019. J.A. 97.

A federal grand jury indicted Patterson in June of 2020, charging him with one count of methamphetamine-trafficking conspiracy, two

counts of distributing and possessing with intent to distribute methamphetamine, one count of conspiracy to traffic cocaine base, one count of distributing and possessing with intent to distribute cocaine base, and two counts of possessing a firearm as a convicted felon. J.A. 8–13. Five months later, Patterson and the United States entered into a plea agreement, and Patterson pleaded guilty to five of the charges. J.A. 17. The United States agreed that it would move to dismiss the drug-trafficking-conspiracy charges if the court found the plea to be voluntary and knowing. J.A. 17. "[I]n exchange for the concessions made by the United States," Patterson waived his right to contest his conviction and sentence in an appeal on any ground except for claims of "(1) ineffective assistance of counsel and (2) prosecutorial misconduct." J.A. 21. On the same day the parties filed their plea agreement, they also filed a factual basis supporting the guilty plea. J.A. 15.

The district court, Magistrate Judge David C. Keesler, conducted a hearing in accordance with Federal Rule of Criminal Procedure 11 and found that Patterson's guilty plea was knowing and voluntary. J.A. 37. The prosecutor summarized the charges and the maximum

3

penalties that could apply — 40 years in prison on the drug charges and 10 years in prison on the felon-in-possession charges — as well as a potential 15-year minimum prison sentence on the felon-in-possession charges under the Armed Career Criminal Act. J.A. 27–28. Patterson's attorney stated that he had "talked to [Patterson] about the potential 15-year mandatory minimum because it very well may be applicable in this case." J.A. 28. Patterson affirmed that he had discussed the charges with his attorney and understood the maximum and minimum penalties he faced. J.A. 28–29. He affirmed that he understood that if his sentence included imprisonment, "the district judge may also order a term of supervised release." J.A. 30. And he affirmed that he understood that if he violated the "terms and conditions of supervised release," he could be returned to prison. J.A. 30.

The prosecutor summarized the parties' plea agreement, including the provision that "a violation of supervised release may subject the defendant to an additional period of incarceration." J.A. 32. Patterson affirmed that he understood the terms of his plea agreement and that

4

he had expressly waived his right to appeal his conviction and sentence. J.A. 35. The magistrate judge found that Patterson's plea was "knowingly and voluntarily made." J.A. 37.

The probation office prepared a presentence report. J.A. 90. The probation officer concluded that the Sentencing Guidelines advised imprisonment of 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. J.A. 115. The offense level included an armed-career-criminal enhancement, resulting in a base-offense level of 34, and a three-offense-level decrease for acceptance of responsibility. J.A. 99–100.

The report also concluded that Patterson would be subject to a minimum supervised release term of four years for each drug offense. J.A. 115. The guidelines advised a term of four to five years for each drug offense and two to five years for each firearm offense, all to run concurrently. J.A. 115. It advised Patterson that the district court may impose "the mandatory and discretionary conditions adopted" by the district court and that they were available on the probation office's website. J.A. 117. It also "put" the defendant "on notice" that the court

5

"may impose" two special conditions of supervised release. J.A. 117. The probation office proposed that Patterson "participate in a mental health evaluation and treatment program" and that he "take all mental health medications as prescribed by a licensed health care practitioner." J.A. 117. And it proposed that Patterson "not communicate" with "any known member of the Crips gang" without obtaining permission of his probation officer first. J.A. 118. Patterson did not object to the report. J.A. 119.

The district court, Honorable Kenneth D. Bell presiding, conducted Patterson's sentencing hearing. J.A. 38–51. The parties agreed that the Sentencing Guidelines advisory range was 188 to 235 months. J.A. 40. Patterson's attorney requested a sentence of 188 months, and the United States did not oppose the request. J.A. 42, J.A. 46. Consistently with its promise in the plea agreement, the United States moved to dismiss two counts. J.A. 46. The court granted the motion. J.A. 50.

The district court expressed "concerns" with the short time between Patterson's discharge from a previous term of supervision and

6

the offense conduct — "just a matter of months" — and references to "Crips membership" in the presentence report. J.A. 43. Patterson addressed the court, saying that he knew he had "messed up [his] life and stuff" at a "young age, joined the gang and stuff." J.A. 44. He said he was "not going to lie" and that he had been a Crip, but he was "not a former Crip no more. I am inactive." J.A. 44. "I did wrong, and I accept my — I accept my wrong." J.A. 44.

The district court sentenced Patterson to 188 months in prison and four years of supervised release. J.A. 47–48. It noted Patterson's "history of mental health issues" and "history of substance abuse" and recommended that he be allowed to participate in mental-health-treatment programs and substance-abuse-treatment programs while in prison. J.A. 47–48. Patterson's counsel stated that substance-abuse treatment "would be helpful" and that the mental-health treatment condition should be "in bold black." J.A. 48.

The court then pronounced the conditions to which Patterson would be subject "[w]hile on supervised release." J.A. 48. The court ordered Patterson to "comply with each of the discretionary conditions

7

of supervised release that have been adopted by this court." J.A. 48–49. The court stated that "before every sentencing," including Patterson's, it "carefully scrutinizes each of those discretionary conditions," along with the defendant's "background," "characteristics," and "the type of case that we are dealing with" and "considers whether each" discretionary condition "would be appropriate" for the defendant's "successful supervision in the completion of the totality" of the sentence. J.A. 49. The court found that each of the standard discretionary conditions would "assist in those efforts." J.A. 49. In addition, it ordered as a special condition of supervised release that Patterson "participate in a mental health evaluation and treatment program and follow the rules and regulations of that program" and "take all mental health medications as prescribed by a licensed health care practitioner." J.A. 49. It also ordered as a further special condition that Patterson "not communicate or otherwise interact with any known member of the Crips gang" without permission of the probation office. J.A. 49.

8

The court entered judgment against Patterson on May 28, 2021. J.A. 52. Patterson certified that he mailed a pro se notice of appeal through prison legal mail on December 2, 2021. J.A. 59.

Patterson filed his initial brief on appeal under the procedures of *Anders v. California*, 386 U.S. 738, 744 (1967). His attorney certified that the district court "imposed a sentence within the applicable guideline range and the appeal is without merit." *Br. of Appellant* at 12. He also noted that Patterson's "guilt was established by his guilty plea." *Id.* He concluded that the district court properly determined that Patterson qualified as a career offender for purposes of United States Sentencing Guidelines § 4B1.1 and as an armed career criminal for purposes of 18 U.S.C. § 924(e). *Id.* at 10. Patterson did not assert any error with the discretionary conditions of supervised release imposed by the district court, nor did he allege any error with the court's explanation of those conditions.

The United States filed a letter noting that Patterson had abandoned all assignments of error and requesting that it be relieved of the obligation to file a brief "unless this Court should determine that

9

there is a non-frivolous issue for appeal." Doc. No. 21. The United States explained that it did not "waive its right to enforce the waiver of the defendant's right to appeal set forth in the parties' plea agreement." *Id.*

This Court entered an order directing the parties to file supplemental briefing on whether "the district court adequately explained why the 24 discretionary conditions of supervised release were warranted under 18 U.S.C. § 3583(d)" and whether "those conditions are reasonably related to the statutory factors in 18 U.S.C. § 3583(d)." Doc. No. 26. Patterson filed a supplemental opening brief presenting issues related to the discretionary conditions for the first time. Patterson contends that the district court "failed to adequately explain why the 24 discretionary conditions of supervised release were warranted under 18 U.S.C. § 3583(d) and how those conditions are reasonably related to the statutory factors" in section 3583(d). *Supp. Br. of Appellant* at 4.

10

# ARGUMENT

**I.   This Court should dismiss Patterson's appeal because it is untimely.**

   **A.   Standard of Review**

The interpretation of federal rules is a question of law that this Court considers de novo. *United States v. Coontz*, 810 F. App'x 201, 206 (4th Cir. 2020) (unpublished decision).

   **B.   Discussion**

This Court should dismiss Patterson's appeal because it is untimely. Federal Rule of Appellate Procedure 4(b)(1)(A)(i) required Patterson to file his notice of appeal "within 14 days after" the entry of the judgment identified in his notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); *Manrique v. United States*, 581 U.S. 116, 121 (2017); *United States v. Maisey*, No. 21-6134, 2021 WL 4473393, at *1 (4th Cir. Sept. 30, 2021). The requirement that Patterson file a timely notice of appeal is "a mandatory claim-processing rule that must be strictly applied." *United States v. Marsh*, 944 F.3d 524, 527 (4th Cir. 2019); *see Manrique*, 581 U.S. at 121–22.

The district court entered judgment on May 28, 2021. J.A. 52. The time to appeal the judgment expired on June 11, 2021, more than five months before Patterson filed his notice of appeal on December 2, 2021. J.A. 59. Although the district court could have extended the deadline by 30 days upon a showing of "excusable neglect or good cause," the court did not extend the deadline, nor could it have extended the filing period beyond 30 days. Fed. R. App. P. 4(b)(4); Fed. R. App. P. 26(b)(1) (prohibiting the Court from extending the time to file a notice of appeal beyond the limitations set out in Rule 4). And a 30-day extension of time would not render Patterson's appeal, which is over five months late, timely. Because Patterson's appeal of his sentence is untimely, this Court should dismiss Patterson's appeal. *Manrique*, 581 U.S. at 121–22 (holding the court's duty to dismiss the appeal is mandatory); *Marsh*, 944 F.3d at 531.

**II.  Because the record establishes that Patterson knowingly and voluntarily waived his right to appeal his sentence, this Court should dismiss his appeal.**

**A.  Standard of Review**

Whether a defendant effectively waived his right to appeal is a matter of law that this court reviews de novo. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018).

**B.  Discussion**

Even if this Court finds that Patterson's appeal is timely, it should nevertheless dismiss Patterson's appeal because Patterson knowingly and voluntarily waived his right to appeal his sentence when he pleaded guilty, and the arguments he presents on appeal fall squarely within the scope of that waiver. Federal Rule of Criminal Procedure 11(b)(2) requires that before accepting a defendant's guilty plea, the court must address the defendant in open court and determine "that the plea is voluntary" and "not the result of force, threats, or promises" other than promises in a plea agreement. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). As this Court has explained, a guilty plea "must reflect a voluntary and intelligent choice among the alternative

13

courses of action open to the defendant." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks and citation omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). For this reason, a defendant seeking to challenge the voluntariness of his guilty plea after affirming his choice to plead guilty in a Rule 11 proceeding "bears a heavy burden." *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).

It is well established that a defendant may waive the right to appeal his conviction or sentence in a valid plea agreement and the waiver is valid if it is knowingly and voluntarily made. *United States v. Weon*, 722 F.3d 583, 588 (4th Cir. 2013). Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances, including the background, experience, and conduct of the accused. *McCoy*, 895 F.3d at 362. And, "[g]enerally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full

14

significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

The record in this case establishes that Patterson knowingly and voluntarily pleaded guilty and waived his right to appeal his sentence on appeal, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. The district court conducted a careful and thorough Rule 11 colloquy, during which Patterson affirmed under oath that he understood the terms of his plea agreement and the maximum and minimum penalties he faced. J.A. 28–29. He also affirmed that he understood that he had expressly waived his right to appeal his conviction and sentence. J.A. 35. The record establishes, therefore, that his guilty plea was knowing and voluntary. *Thornsbury*, 670 F.3d at 537.

Patterson's challenges to the explanation and substance of his 24 discretionary conditions of supervised release fall squarely within the scope of his waiver of "all rights to contest the . . . sentence in any appeal." J.A. 21. This Court has repeatedly held that challenges like those Patterson presents are barred by comparable waivers. *United*

15

*States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (holding that argument that district court failed to address defendant's nonfrivolous arguments for a different sentence and that "there exist legal infirmities" in a Sentencing Guidelines enhancement barred by an appellate waiver); *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020) (holding argument that "sentence was procedurally unreasonable because the district court failed to consider" defendant's "mitigation argument" barred by appellate waiver); *United States v. Gaines*, No. 21-4195, 2023 WL 5745367, at *3 (4th Cir. Sept. 6, 2023) (unpublished decision) (holding challenge to supervised-release conditions barred by appellate waiver); *United States v. Spencer*, No. 21-4443, 2022 WL 16707057, at *1 (4th Cir. Nov. 4, 2022) (unpublished decision) (holding challenge to explanation of supervised-release sentence barred by appellate waiver); *United States v. Thompson*, 748 F. App'x 494, 496–97 (4th Cir. 2018) (unpublished decision) (same); *United States v. Speller*, No. 21-4262, 2021 WL 6101657, at *1 (4th Cir. 2021) (unpublished decision) (holding that appellate waiver bars challenge to substantive reasonableness of sentence); *see also McCoy*, 895 F.3d at 365 n.*

16

(holding challenge to "application of the Sentencing Guidelines" barred by appellate waiver); *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017) (same).

The issues Patterson presents are firmly within the scope of his valid waiver of his right to appeal. Patterson received concessions from the United States when he pleaded guilty — including dismissal of two charges — and enforcement of his appellate waiver gives the United States the benefit of its bargain. *See United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (noting that each party to a plea agreement should receive the benefit of its bargain). This Court should dismiss Patterson's appeal.

## CONCLUSION

The United States respectfully requests that this Court dismiss Patterson's appeal for two independent reasons. First, his appeal is untimely. Second, his claims of error are barred by the appellate waiver in his knowing and voluntary plea agreement.

17

RESPECTFULLY SUBMITTED, this 28th day of September, 2023.

                    DENA J. KING
                    UNITED STATES ATTORNEY

                    <u>s/ Julia K. Wood</u>
                    Assistant United States Attorney
                    North Carolina Bar No. 51754
                    227 West Trade Street, Suite 1650
                    Charlotte, North Carolina 28202
                    Telephone: (704) 344-6222
                    Fax: (704) 344-6229
                    Email: julia.wood@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

1.  This motion has been prepared using a computer running Microsoft Word 2010, in Century Schoolbook font, and 14-point typeface.

2.  EXCLUSIVE of any materials excluded by Federal Rule of Appellate Procedure 32(f) or under Rule 27(a)(2)(B), the motion contains 2,955 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief or a copy of the word or line print-out.

s/ Julia K. Wood
Assistant United States Attorney
USAO Charlotte, NC

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above Motion to Dismiss Appeal upon the appellant by serving his attorney of record through electronic case filing.

This 28th day of September, 2023.

s/ Julia K. Wood<br>
Assistant United States Attorney